1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT
7            FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9

10  VINCENT RUSSO,                          No. C 09-0118 WHA (PR)

11                    Petitioner,           **ORDER DENYING PETITION FOR**
                                            **WRIT OF HABEAS CORPUS**
12      vs.

13  ROBERT AYERS, Warden,

14                    Respondent.
                                        /
15

16                          **INTRODUCTION**

17      This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254.

18  Respondent was ordered to show cause why the writ should not be granted.  Respondent has

19  filed an answer, along with a supporting memorandum of points and authorities and exhibits.

20  Petitioner has responded with a traverse.  For the reasons set forth below, the petition for a writ

21  of habeas corpus is **DENIED**.

22                          **STATEMENT**

23      In 1987, petitioner was sentenced to a term of seven years to life in prison following his

24  conviction for kidnaping to commit robbery and attempted murder.  This petition challenges the

25  denial of parole in 2007 by the California Board of Parole Hearings ("Board").  Petitioner

26  challenged the Board's decision in habeas petitions filed in all three levels of the California

27  courts.  The San Diego County Superior Court and the California Court of Appeal denied the

28  petitions in explained opinions (Resp. Exs. 2 & 4).  The Supreme Court of California issued a

*United States District Court*
For the Northern District of California

1 summary denial.

2 **ANALYSIS**

3 **A.** **STANDARD OF REVIEW**

4    A district court may not grant a petition challenging a state conviction or sentence on the

5 basis of a claim that was reviewed on the merits in state court unless the state court's

6 adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

7 unreasonable application of, clearly established Federal law, as determined by the Supreme

8 Court of the United States; or (2) resulted in a decision that was based on an unreasonable

9 determination of the facts in light of the evidence presented in the State court proceeding."  28

10 U.S.C. 2254(d).  The first prong applies both to questions of law and to mixed questions of law

11 and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong

12 applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340

13 (2003).

14    A state court decision is "contrary to" Supreme Court authority, that is, falls under the

15 first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached

16 by [the Supreme] Court on a question of law or if the state court decides a case differently than

17 [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams (Terry)*, 529

18 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court

19 authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing

20 legal principle from the Supreme Court's decisions but "unreasonably applies that principle to

21 the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue

22 the writ "simply because that court concludes in its independent judgment that the relevant

23 state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at

24 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.

25 *See id.* at 409.

26    "Factual determinations by state courts are presumed correct absent clear and

27 convincing evidence to the contrary."  *Miller-El*, 537 U.S. at 340.  This presumption is not

28 altered by the fact that the finding was made by a state court of appeals, rather than by a state

**United States District Court**
For the Northern District of California

1  trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

2  1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and

3  convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory

4  assertions will not do.  *Ibid.*

5       Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination

6  will not be overturned on factual grounds unless objectively unreasonable in light of the

7  evidence presented in the state-court proceeding."  *Miller-El*, 537 U.S. at 340; *see also Torres*

8  *v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

9       When there is no reasoned opinion from the highest state court to consider the

10  petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501

11  U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  In

12  this case, the last reasoned opinion is that of the California Court of Appeal denying petitioner's

13  habeas petition (Resp. Exh. 4).

14  **B.**   **ISSUES PRESENTED**

15       As grounds for federal habeas relief, petitioner asserts that (1) there was not "some

16  evidence" he would be a present danger to society if released; and (2) the Board's conclusion

17  that petitioner lacked insight into his crime and sufficient remorse was not supported by "some

18  evidence;" (3) the Board's decision that his next parole hearing would not be for two years was

19  not supported by "some evidence;" and (4) the parole regulations are unconstitutionally vague

20  in that the Board applies them in such a way as to almost always deny parole.

21       **1.**     **"Some Evidence"**

22       In his first claim, petitioner contends that his constitutional right to due process was

23  violated because there was not "some evidence" of his current dangerousness to support the

24  denial of parole.

25       The Due Process Clause does not, by itself, entitle prisoners to release on parole in the

26  absence of some evidence of their current dangerousness. *Hayward v. Marshall*, 603 F.3d 546,

27  555, 561 (9th Cir. 2010) (en banc).  Under California law, however, "some evidence" of current

28  dangerousness is required in order to deny parole.  *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th

**United States District Court**

For the Northern District of California

1    1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)).  This requirement gives

2    California prisoners a liberty interest protected by the federal constitutional guarantee of due

3    process in release on parole in the absence of "some evidence" of their current dangerousness.

4    *Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing *Hayward*, 603

5    F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th Cir. May 24,

6    2010) (citing *Hayward*, 603 F.3d at 561-64).

7         When a federal habeas court in this circuit is faced with a claim by a California prisoner

8    that their right to due process was violated because the denial of parole was not supported by

9    "some evidence," the court "need only decide whether the California judicial decision

10   approving" the denial of parole "was an 'unreasonable application'[] of the California 'some

11   evidence' requirement, or was 'based on an unreasonable determination of the facts in light of

12   the evidence.'"  *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip

13   op. at 15.

14        California's "some evidence" requirement was summarized in *Hayward* as follows:

15        As a matter of California law, 'the paramount consideration for both the Board
          and the Governor under the governing statutes is whether the inmate currently
16        poses a threat to public safety.'  There must be 'some evidence' of such a threat,
          and an aggravated offense 'does not, in every case, provide evidence that the
17        inmate is a current threat to public safety.'  The prisoner's aggravated offense
          does not establish current dangerousness 'unless the record also establishes that
18        something in the prisoner's pre- or post- incarceration history, or his or her
          current demeanor and mental state' supports the inference of dangerousness.
19        Thus, in California, the offense of conviction may be considered, but the
          consideration must address the determining factor, 'a current threat to public
20        safety.'

21   *Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1210-14); *see also Cooke*,

22   slip op. at 16-18 (describing California's "some evidence" requirement).   Under California law,

23   "the aggravated nature of the crime does not in and of itself provide some evidence of *current*

24   dangerousness to the public unless the record also establishes something in the prisoner's pre-

25   or postincarceration history, or his or her current demeanor and mental state, indicates that the

26   implications regarding the prisoner's dangerousness that derive from his or her commission of

27   the commitment offense remain probative of the statutory determination of a continuing threat

28   to public safety."  *Lawrence*, 44 Cal.4th at 1214 (emphasis in original); *see Hayward*, 603 F.3d

                                                     4

1    at 562 (same); *Cooke*, slip op. at 18 (same).

2          The commitment offense was certainly brutal, as described by the California Court of

3    Appeal:

> Petitioner was a marine sergeant stationed at Camp Pendleton.  He and
> his roommate stole guns from the military base and robbed several stores.  On
> December 22, 1978, petitioner went to the Stage Stop Liquor Store in Ramona at
> 11 p.m. and ordered the clerk, 20-year-old Dale Scott Eaton, to the floor.
> Petitioner took $515 from the cash register and ordered Eaton to get in his car.
> Eaton complied.  Petitioner held the gun to Eaton while driving for 35 minutes.
> He stopped in a rural area and ordered Eaton to lie down on the side of the road.
> Eaton did so.  Petitioner put the gun against the back of Eaton's head and said,
> "Merry Christmas."  Petitioner shot Eaton twice in the head, once in the forearm,
> once in the left bicep and once in the left cheek.  Eaton rolled down the
> embankment.  Petitioner drove away.  Eaton crawled back to the road where he
> was found and taken to the hospital.  He survived but is badly disabled and
> disfigured.  Petitioner left California with his girlfriend and her daughter.
> Petitioner lived under an alias in Canada, New York, Florida, Texas and
> Pennsylvania until he was arrested on January 14, 1985.

12    (Resp. Ex. 4 at 3).  The circumstances of this offense reasonably supported the findings by the

13    Board and the state court that it was carried out in a brutal manner in that petitioner stole

14    weapons from the United States military, threatened and kidnaped Eaton, attempted an

15    execution-style murder of him, and shot him numerous times at close range (*id.* at 4-5; Pet. Ex.

16    1 at 131-32).   In addition to the crime itself, there was evidence that petitioner  exhibited

17    dangerous behavior both before and after committing the crime.  Petitioner previously

18    endangered the lives of others in committing two armed robberies, in which he also used

19    weapons stolen from the military (*id.* at 29).  After committing the crime, petitioner endangered

20    his girlfriend and daughter by taking him with him as he fled and lived as a fugitive for six

21    years, during which time, according to petitioner, his life was in danger (*id.* at 32-34).

22          In addition, contrary to petitioner's second claim, the state court reasonably found that

23    there was "some evidence" to support the Board's finding that petitioner did not fully accept the

24    gravity of the crime he committed.  At the hearing, petitioner presented a version of the offense

25    in which he did not admit that he intended to kill the victim, despite the fact that he had military

26    training and shot the victim twice in the head and three other times from close range (*id.* at 21).

27    Petitioner had recently contended that he was only trying to scare the victim, and that he did not

28    know he had killed him (*id.* at 24-25).  Based on this evidence, the California Court of Appeal

United States District Court

For the Northern District of California

1    could reasonably determine that there was "some evidence" to support the Board's finding that

2    petitioner continued to minimize the seriousness of his role in committing the charged offense,

3    and thus that his demeanor was not suitable for parole.

4         Although a considerable amount of time had passed since the offense was committed,

5    the Court of Appeal reasonably determined that, notwithstanding the positive factors from

6    petitioner's good behavior in prison, the evidence of petitioner's dangerous behavior both

7    before and after committing the crime as well as his lack of insight into the crime at the hearing

8    provided the "nexus" between his past dangerous behavior and the risk that he would currently

9    pose a danger if released on parole (Resp. Ex. 4 at 7).  *See Lawrence*, 44 Cal. 4th at 1214.  This

10   evidence also amounted, contrary to petitioner's third claim, to "some evidence" in support of

11   the Board's decision to deny petitioner parole for two years instead of one.

12        As the state court decisions upholding the denial of parole reasonably applied

13   California's "some evidence" requirement and reasonably determined the facts in light of the

14   evidence in the record, petitioner is not entitled to habeas relief on his due process claims.  *See*

15   *Hayward*, 603 F.3d at 563.

16        **2.    <u>Vagueness</u>**

17        In his fourth claim, petitioner argues that the state regulations defining parole suitability

18   in California are unconstitutionally vague.   A state criminal statute may be challenged as

19   unconstitutionally vague or overbroad by way of a petition for a writ of habeas corpus by a

20   prisoner convicted under that statute.  *See Vlasak v. Superior Court of California*, 329 F.3d 683,

21   688-90 (9th Cir. 2003); *see, e.g., Hess v. Board of Parole and Post-Prison Supervision*, 514

22   F.3d 909, 911 (9th Cir. 2008) (addressing vagueness challenge to Oregon parole statute).  To

23   avoid unconstitutional vagueness, a statute or ordinance must (1) define the offense with

24   sufficient definiteness that ordinary people can understand what conduct is prohibited; and (2)

25   establish standards to permit police to enforce the law in a non-arbitrary, non-discriminatory

26   manner.  *Vlasak*, 329 F.3d at 688-89.  Petitioner does not identify which of the many factors set

27   forth in California's regulations for determining parole suitability are vague.  Rather, he argues

28   that the regulations are "rendered" vague by the "arbitrary and capricious" denial of parole in

his case, and by the Board's "policy" of denying parole to "every" prisoner serving a life-term. The record here shows that the Board reviewed the specific evidence of petitioner's case as it applied to the suitability factors set forth in California Code of Regulations Section 2402(c), including the facts of his commitment offense, his criminal and social history, his prison record, and his insight into the crime (Pet. Ex. 1). Further, after discussing this evidence in detail with petitioner and his attorney, the Board based its decision on the particular facts of petitioner's case (*id.*). These factors, as well as the existence of at least "some evidence" of his current dangerousness, as discussed above, negates the premises of his petitioner's vagueness claim, namely that the denial of parole was arbitrary and capricious and dictated by a blanket policy. Accordingly, the state courts' rejection of this claim was not contrary to, nor an unreasonable application of, clearly-established Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June ____16____, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\RUSSO0118.RUL.wpd

7